## DAVID BETTS *vs.* FRANCIS NORRIS.

An officer is not bound to make a special service of a writ, by attaching property, without written *directions to that effect* from the plaintiff, or his agent or attorney.

And if an officer, without such written directions, make an attachment of property upon a writ, but of less value than the full amount of the debt, no action can be maintained against him for not attaching additional property.

THE action was for an alleged neglect of duty by the defendant, as a deputy-sheriff of the county of *Kennebec.* On *June* 2, 1829, the plaintiff commenced an action against *Lane & Leadbetter,* claiming damages to the amount of two thousand dollars, and delivered the writ to the defendant, a deputy-sheriff, without any written directions on the back thereof, but with verbal directions to attach all their real estate, or the real estate of either of them, in that county. The return of the attachment by the defendant, dated *June* 12, 1829, was, " I have attached all the real estate of the within named *Jabez Leadbetter,* to wit, all the right and interest he owns in the gristmill and stream the said mill stands on, in the town of *Wayne,* and his farm with his dwellinghouse, and all other buildings thereon, in said *Wayne,* in said county." At this time *Leadbetter* owned a house and lot in *Wayne* village, in which he lived with his family, a farm, which he carried on, on which were buildings and which farm was distant about thirty rods from the house, and owned the gristmill. He also owned a small farm in *Leeds,* which he conveyed in *August,* 1830. The house in which *Leadbetter* lived, was destroyed by fire in the fall of 1833, without any fault of the defendant. The plaintiff recoverd judgment against *Leadbetter* at the *June Term* of the Supreme Judicial Court, 1834, for $1558,68, debt, and $317,67, costs, and took out his execution and within the thirty days duly levied the same upon the mill, the farm in *Wayne,* and upon the lot on which the house, which had beeen burned, stood, leaving a balance unsatisfied of $332,69. The house burned was of much greater value than the balance of the execution. This action was commenced *January* 20, 1837. A nonsuit was entered by consent, which was to be taken off, if the action could be maintained.

The case was argued by *S. W. Robinson* for the plaintiff, and by *Wells* for the defendant, chiefly on views of the case not taken into consideration in the opinion.

The first of seven objections made by *Wells* was, that the defendant was under no obligation to make any attachment of property on the writ, unless he was directed in writing. It was a mere gratuitous act, for which the plaintiff should thank him, but gives no right of action, if the debt was not fully secured by it. *Stat.* 1821, *c.* 105, as to officer's fees ; *Stat.* 1829, *c.* 445, § 1. And such has been the practical construction of the statute.

*Robinson*, in reply, said that there was a sufficient direction to attach property on the face of the writ ; and if any thing more was necessary, the verbal orders were sufficient, and it had so been decided. Our statute in relation to fees was merely to remedy an abuse, and was not intended to take away the existing right to give verbal orders.

After a continuance for advisement, the opinion of the Court was drawn up by

Weston C. J. — By the act establishing and regulating fees, *statute* of 1821, *c.* 105, the officer is allowed on a *capias* or attachment, an additional fee for attaching property, which is called a special service, only where he has the written directions of the plaintiff, his agent or attorney, so to do. For the service merely, where no special attachment is made, he is to have a less fee. The same distinction is preserved, in the additional act respecting sheriffs, *statute* of 1829, *c.* 445. And the practice has been uniform, to make only a nominal attachment, where no such directions are given.

Although the precept in every writ of attachment is, to attach to the amount therein prescribed, yet where a special attachment is not ordered in writing, the return of a nominal attachment has been received as a sufficient service. And we are of opinion, that by virtue of the statutes, and the settled practice under them, the officer was under no legal obligation to make a special attachment, without written directions to this effect, from the plaintiff, his agent or attorney. He was in this case entitled to no fee for such a service, and if he has done it gratuitously, by which the plaintiff has

been secured to a large amount, he has no just or legal right to complain, that it has fallen somewhat short of the final amount of his judgment. We are very clearly of opinion, that no official delinquency has been made out against the officer.

*Nonsuit confirmed.*